# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-40496
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Luis Beltran Mondragon,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-1111-2

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Jose Luis Beltran Mondragon appeals his convictions and sentences for one count of conspiracy to transport illegal aliens within the United States and three counts of transporting an illegal alien within the United States. He argues that the district court erred in applying a six-level enhancement under U.S.S.G. § 2L1.1(b)(5)(A) based on its finding that his coconspirator

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

discharged a firearm during the offense.  According to Beltran Mondragon, the coconspirator's firearm discharge was not reasonably foreseeable to him and is thus not attributable to him under U.S.S.G. § 1B1.3(a)(1)(B)(iii).

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error.  *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).  "In determining whether a Guidelines enhancement applies, the district court is allowed to draw reasonable inferences from the facts, and these inferences are fact findings reviewed for clear error."  *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).  There is no clear error if a factual finding is plausible in light of the record as a whole.  *Trujillo*, 502 F.3d at 356.  "A factual finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Coleman*, 609 F.3d at 708 (internal quotation marks and citation omitted).

Here, the presentence report described Beltran Mondragon's frequent work as a scout for the illegal alien transportation operation, as well as his coconspirator's longstanding role as the caretaker of the illegally transported aliens and associated use of firearms on multiple occasions.  Beltran Mondragon did not present any evidence to rebut the facts in the PSR, and the district court was therefore entitled to rely on those facts to make its sentencing determinations.  *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013).  Because it is plausible that it was reasonably foreseeable to Beltran Mondragon that his coconspirator would discharge a firearm in connection with the criminal activity, the district court did not clearly err in applying the § 2L1.1(b)(5)(A) enhancement under the relevant conduct principles of § 1B1.3(a)(1)(B).  *See Coleman*, 609 F.3d at 708; *Trujillo*, 502 F.3d at 356.

AFFIRMED.